**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

JOSELING JUNIETH TIJERINO LUMBI          CASE NO.  6:26-CV-02354 SEC P
#A246-535-697

VERSUS                                   JUDGE JAMES D. CAIN, JR.

WARDEN SOUTH LOUISIANA I C E             MAGISTRATE JUDGE PEREZ-MONTES
PROCESSING CENTER ET AL

## MEMORANDUM ORDER

Before the Court is a "Petition for Temporary Restraining Order" (Doc. 3) filed by

Petitioner Joseling Junieth Tijerino Lumbi, wherein Petitioner moves to be released from

ICE custody pending resolution of his habeas proceeding and to enjoin Defendants from

re-detaining her.

## BACKGROUND

Plaintiff alleges that she was detained by ICE on or about June 1, 2026, and a

removal order was issued on July 9, 2026.[1] Plaintiff maintains that her due process rights

are being violated due to her detention, despite not having a criminal record.[2]

## LAW AND ANALYSIS

Petitioner seeks immediate relief via an order to release her and to enjoin Defendants

from re-detaining her.

An applicant for a temporary restraining order ("TRO") or preliminary injunction

must demonstrate each of the following: (1) a substantial likelihood that his cause will

---

[1] Doc. 8.
[2] *Id.*

succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm that the injunction might do to the opposing party, and (4) that granting the injunction will not disserve the public interest. *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F.Supp.3d 518, 521 (W.D. La. 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981)).

The decision of whether to grant or deny a TRO lies in the district court's discretion. *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. *Albright v. City of New Orleans*, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); *see also Suburban Propane, L.P. v. D & S GCTX LLC*, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); *Anderson v. Jackson*, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

(1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

(A)    Specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
(B) The movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

First, there is no affidavit attached or a verified complaint that clearly shows that immediate and irreparable injury, loss, or damage will result to Plaintiff before the adverse party can be heard in opposition. Substantively, as to Plaintiff's TRO, she has not shown a likelihood of success on the merits or irreparable injury.

The very basis of a habeas action is to challenge the statutory or constitutional basis for detention. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody.") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). Seeking injunctive relief that mirrors the relief requested in the habeas petition is nothing more than a motion to decide my habeas petition now. *See Garcia-Aleman v. Thompson*, No. 5:25-CV-00886, ECF No. 20 (S.D. Tex. Oct. 30, 2025).

Here, Plaintiff seeks immediate release, which appears to impede the removal process.  The Court considers this to be shortcut around the habeas process. As to the TRO Plaintiff's vague and conclusory allegations are insufficient to establish that she is likely to succeed on the merits, or any irreparable damage. Additionally, Plaintiff has failed to comply with Rule 65 of the Rules of Civil Procedure for a temporary restraining order to issue.

## **CONCLUSION**

For the reasons explained herein,

**IT IS ORDERED**  that the Petition for Temporary Restraining Order (Doc. 3)  filed by Petitioner Joseling Junieth Tijerino Lumbi is **DENIED.**

**THUS DONE AND SIGNED** in chambers on this 22nd day of July, 2026..

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**